**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000504
17-MAY-2017
08:32 AM**

NO. CAAP-16-0000504

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
CREDIT SUISSE FIRST BOSTON 2006-1 aka US BANK NATIONAL
ASSOCIATION, AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON
MORTGAGE ACCEPTANCE CORP. MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-1, Plaintiff-Appellee, v.
SCOTT E. ARGUS, Defendant-Appellant, and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
SOLELY AS NOMINEE FOR HAWAII HOMELOANS, INC.; DEPARTMENT
OF TAXATION, STATE OF HAWAII; LILLY H. AU; MAN KWONG AU
aka MANNY AU; Defendants-Appellees, and
DOES 1 THROUGH 20, inclusive, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-0840-03 (BIA))

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Scott E. Argus (**Argus**) appeals from
the June 6, 2016 Judgment entered by the Circuit Court of the
First Circuit (**Circuit Court**).[1]

On appeal, Argus contends, *inter alia*, that Plaintiff-
Appellee US Bank National Association, as Trustee for Credit
Suisse First Boston 2006-1 aka US Bank National Association, as
Trustee for Credit Suisse First Boston Mortgage Accceptance Corp.

---

[1] The Honorable Bert I. Ayabe presided.

Mortgage Pass-through Certificates, Series 2006-1 (**US Bank**) failed to establish with competent evidence that it had standing to bring this action.

The Hawai'i Supreme Court recently reiterated:

> In order to prove entitlement to foreclose, the foreclosing party must demonstrate that all conditions precedent to foreclosure under the note and mortgage are satisfied and that all steps required by statute have been strictly complied with. See 55 Am. Jur. 2d Mortgages § 575 (Nov. 2016 Update). This typically requires the plaintiff to prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice. See Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982) (citing 55 Am. Jur. 2d Mortgages § 554 (1971)). A foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage.

Bank of America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248, No. SCWC-15-0000005, slip op. at 11 (Haw. Feb. 28, 2017) (further citations omitted).

In that case, the supreme court held, *inter alia*:

> A foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as standing is concerned with whether the parties have the right to bring suit. . . . As standing relates to the invocation of the court's jurisdiction, it is not surprising that standing must be present at the commencement of the case. Accordingly, a foreclosing plaintiff does not have standing to foreclose on mortgaged property unless, [at the time the action was commenced,] the plaintiff was entitled to enforce the note that has been defaulted on.

Id., slip op. at 12-14 (citations, internal quotation marks, and brackets omitted; format altered).

With respect to the foreclosure appeal before it, the supreme court determined:

> Although Bank of America produced evidence that it possessed the blank-indorsed Note at the time it sought summary judgment, a material question of fact exists as to whether Bank of America possessed the Note, or was otherwise a holder, at the time it brought the foreclosure action. Indeed, the copy of the Note attached to the summary judgment motion does not reflect the date of the blank indorsement, and the Egan Declaration, which was made after the filing of the complaint in this case, does not indicate

2

when the indorsement occurred. Further, there is no additional evidence in the record regarding the date of the indorsements or whether Bank of America possessed the Note at the time of the filing of the complaint. Thus, there is a material question of fact as to whether Bank of America was the holder of the Note at the time the foreclosure proceedings were commenced, which in turn raises the issue of whether Bank of America had standing to foreclose on the Property at the time it brought the foreclosure action.

. . . [T]here is no evidence in the record, either through the Note itself, the Egan Declaration, or the other documents attached to the motion for summary judgment, showing that the blank indorsement on the Note occurred prior to the initiation of the suit. Consequently, there is a genuine issue as to whether Bank of America was entitled to foreclose when it commenced the proceeding. Thus, viewing the facts and inferences in the light most favorable to Homeowner, there is a genuine issue of material fact as to whether Bank of America held the Note at the time it filed the complaint. Accordingly, Bank of America failed to meet its burden of demonstrating that it was entitled to judgment as a matter of law, and the circuit court erred in granting Bank of America's motion for summary judgment. In light of this ruling, we need not address Homeowner's arguments with respect to whether the Mortgage was validly assigned to Bank of America.

Id., slip op. at 19-22 (citation and footnotes omitted).

Here, although at the time US Bank filed its motion for summary judgment and for interlocutory decree of foreclosure, US Bank produced evidence that it possessed the subject note, endorsed in blank, the copy of the subject note attached to the motion does not reflect the date of the blank endorsement, and the supporting declarations, which were made after the filing of the complaint, do not indicate when the endorsement occurred or whether US Bank possessed the note at the time of the filing of the Complaint. US Bank accurately notes that, in paragraph 9, the Complaint alleges that US Bank is the holder of the subject note. However, an allegation in an unverified complaint is not evidence which may support a summary judgment motion. Tri-S Corp. v. W. World Ins. Co., 110 Hawai'i 473, 494-95 n.9, 135 P.3d 82, 103-04 n.9 (2006).

Thus, viewing the facts and inferences in the light most favorable to Argus, there is a genuine issue of material fact as to whether US Bank held the subject note at the time it filed the complaint. Accordingly, US Bank failed to meet its burden of demonstrating that it was entitled to judgment as a matter of law, and the Circuit Court erred in granting US Bank's motion for summary judgment. In light of this ruling, we need not address Argus's other arguments.

Therefore, the Circuit Court's June 6, 2016 Judgment is vacated and this case is remanded to the Circuit Court for further proceedings.

DATED: Honolulu, Hawai'i, May 17, 2017.

On the briefs:

Robert D. Kawamura,
(Kawamura Law Office, LLLC.)
for Defendant-Appellant.

Edmund K. Saffery,
Regan M. Iwao,
Lynda L. Arakawa,
(Goodsill Anderson Quinn &
 Stifel)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge